CRUMPTON & *al. v. The Inhabitants of* SOLON.

In an action against a town founded on *statute, ch.* 118, *sec.* 17, to recover for an injury to one's cattle, received while driving them over a bridge in said town, it should not only appear that the bridge was *defective,* but that the plaintiff was in the use of *ordinary care* — both which questions are to be passed upon by the jury.

This was an action on statute of 1821, *ch.* 118, *sec.* 17, brought to recover damages for an injury to the plaintiffs' cattle by the falling of a bridge in *Solon,* over which the plaintiffs were driving them. It was tried in the C. C. Pleas, before *Whitman C. J.* and was brought to this Court on exceptions. Much evidence was offered on both sides, to show the state and condition of the bridge at the time of the injury. It appeared that the bridge was on the principal road leading from *Augusta* to the *Canada* road, and that the plaintiffs were driving the cattle to a market in *Canada*. It was proved that from twenty to forty cattle were on the bridge, weighing from six to nine tons. The counsel for the defendants requested the Judge to instruct the jury, that it was a question of fact for them to determine, whether the bridge was out of repair — and if they should find this fact against the defendants, it was then their duty to inquire whether the plaintiffs made use of ordinary care and caution in driving their cattle over

the bridge in so large numbers at a time — and if they should believe that the plaintiffs did not use such care, they would find for the defendants. But the Judge instructed the jury, that it was for them to decide, whether the bridge was out of repair and unsafe, and if they found this fact against the defendants, and that the plaintiffs' cattle were injured in falling through it, they should return a verdict for the plaintiffs, which they did.

*Boutelle*, for the defendants, contended that two things were necessary to be shown to maintain this action; namely, that the bridge was out of repair, and that the plaintiffs used ordinary care in passing over it — and that failure of proof in either was fatal to the action. He also contended that both questions should have been passed upon by the jury. *Thompson* v. *Bridgewater*, 7 *Pick.* 188; *Smith* v. *Smith*, 2 *Pick.* 623; 2 *Stark.* 986; *Harlow* v. *Humiston*, 6 *Cowen*, 91; *Butterfield* v. *Forrester*, 11 *East*, 60; *Bush* v. *Brainard*, 1 *Cowen*, 78.

*Allen*, for the plaintiffs.

There was no evidence in this case that the plaintiffs knew of the state of the bridge — that it was out of repair in the least degree. And surely *seven and a half tons*, the medium between 6 and 9 as testified to, is no extraordinary weight to put upon a bridge — nor was there any thing extraordinary in the *number* of cattle driven on to the bridge. If roads and bridges are made what the law requires them to be, travellers may pass safely over them. But here, it is attempted on the part of the defendants to compel travellers to inspect the bridge before passing over it, and to regulate the weight put upon it by their opinion of its state of repair and strength. This would impose a great burden upon travellers, besides leading to negligence in towns. It will be time enough for the defendants to call for the instructions requested, when they show a good bridge — one that is safe and convenient — such a bridge as the law requires.

WESTON J. — It is made by law the duty of towns to keep all highways, townways, causeways and bridges, within their bounds in repair; so as to be safe and convenient for travellers, with their horses, teams, carts and carriages, at all seasons of the year.

Crumpton & al. v. The Inhabitants of Solon.

Whoever is injured in his property, by a failure of this duty, on the part of any town, if they had reasonable notice of the defect, is entitled to recover damages against such town. This liability has been qualified, by holding it necessary that the party injured should have been in the exercise of ordinary care. *Smith v. Smith,* 2 *Pick.* 621. *Thompson* v. *Bridgewater,* 7 *Pick.* 188. It results therefore that in these cases, besides the questions whether the bridge or road was defective, and whether the town had reasonable notice of it, there may arise another, whether the party injured was in the use of ordinary care. These are all questions of fact, to be submitted to, and decided by the jury.

The Judge below was requested, by the counsel for the defendants, to instruct the jury, that it was for them to decide, whether ordinary care had been used by the plaintiffs. This he declined, upon the ground, as it would seem, that in his opinion, there was no pretence for charging the plaintiffs with the want of care. If a party requests a Judge to instruct the jury upon a point, which in a proper case would be altogether correct, if the cause on trial does not call for it, he may well decline the request. It would serve to mislead the jury, to call their attention to positions of law, not appertaining to the cause, or raised by the facts. It is no doubt true, that a bridge ought to be constructed sufficiently strong to sustain the weight of from twenty to forty cattle, passing in a drove; and if there was no apparent defect, no more care might be required in driving that number there, than in passing upon any other part of the highway. It would be otherwise, if the party had been put upon his guard, by an apparent defect. In that case, ordinary care and prudence might not justify the passage of the whole at once. For any thing, which appears, this might have been the state of the evidence. A defect existed, and it may have been apparent. The instruction requested was in accordance with the law, and might have been, upon the facts, decisive of the cause. In our opinion, it ought not to have been withheld. The exceptions are accordingly sustained.

*New trial granted.*